Mr. Powell, in case number 259, Powell v. Maldonado. Mr. Powell, come on up, please. Hold on one second. Thank you for your patience. So, Mr. Powell, you have five minutes. You should know a few things. First, we read the material that you submitted. We've obviously read the material that the defendants have also submitted. So we're familiar with the case. So this is your opportunity in five minutes to tell us the key things that you want us to focus on. Fair enough. If it pleases the Court, my name is Darnell Powell, and I represent myself as a pro se appellant. Your Honors, I humbly request that you overturn the District Court decision and remand the case back to District Court for reinstatement. This appeal presents a straightforward jurisdictional issue. Unfortunately, District Court did not properly exercise subject matter jurisdiction, and nothing in the Constitution, statute, or this Court precedent supported stripping federal courts of its authority over this case. I invoke federal jurisdiction under Title 28 U.S.C. 1331, and that alone confers jurisdiction. This Court has repeatedly held that when a federal action is recorded, federal jurisdiction begins at the moment of filing. See Bell v. Hood. Could you just clarify what are your federal claims on which this case exists? My federal claim is that I'm raising a civil action against the appellees regarding a trial that never occurred in District Court regarding wrongful termination and being accused of wrongful termination and defamation. But aren't those state law claims, not federal questions? No, it's not. Well, it can be presumed as one, but because I do not live in the state of New York, and I live in New Jersey, and all Oh, so you're basing this on diversity of citizenship jurisdiction. Oh, yes. Yes, sir. Yes, Your Honor. Got it. Should I continue? Yes. Okay. Congress has granted jurisdiction to federal Article III courts, allowing the courts to adjudicate these disputes. Importantly, jurisdiction is determined at the time the complaint is filed, not based on later disputes, facts, defense, or merit-based arguments. This Court has made it clear that the So what shows that you had, you lived, wherever you lived at the time that you filed this complaint? I'm sorry, Your Honor. Where did you live at the time you filed the complaint? In Hackensack, New Jersey. 60 Clinton Place, Hackensack, New Jersey, 07601. And I provided that information in a lease as well as identification to the district court. But didn't that lease start not when you filed this case originally, but more recently than that? No, the lease started in September of 2022. My action was submitted February of 2023. Okay. So there is in the record a lease that begins for that Hackensack address? That is correct, as well as state ID as well. Yes. So jurisdiction is a threshold for legal questioning, not a merit determination, according to Carter v. City of St. Louis and Lindenville Savings Bank v. Lucere. Additionally, district court is the appropriate venue under Title 28 U.S.C. 1332 because my primary residency is 60 Clinton Place, Hackensack, New Jersey, 07601. And monetary damages exceed $75,000. Also, I have lived there, as I mentioned, since September 2022, and I filed my complaint in February of 2023. I'm sorry. What is it that as of the time you filed your complaint, I'm trying to find that date, you provided to the court showing that you were a New Jersey resident as opposed to a New York resident? Well, I showed that particular information I mentioned sometime after. And at that time, I had used a P.O. Box as my address. And the P.O. Box was a New York address? It was a New York address as far as mailing correspondence. But a P.O. Box doesn't designate one's primary residence. It was just used for mailing personal documentation and mailing information. At that time, I had a lot of medical documentations mailed to me. I'm a cancer survivor, went through sclerosis, so I wanted my hospitals and my doctors to submit those information to my P.O. Box as well as court documentation. And what prompted you to submit? I mean, was it something that the district court said? No. What prompted you to submit the New Jersey license and so on? No, the police had raised in their kind of brief that I did not specify my primary residency. So that prompted that issue or that concern, and that may show up a lot of information. Also, I have a lease agreement from the person I live with, which is my tenant. I mean, I'm the tenant, the person I live with. Okay. My landlord. I couldn't think of a landlord. Is there anything else? Lastly, the standard overview here is de novo. Under that standard, there is no statutory constitutional basis to deny jurisdiction in C. Carter v. Health Court Tech. Strictly preserving jurisdiction is essential to federal judicial systems. Federal court exists to ensure uniform interpretation of federal law and protection of federal rights. Removing jurisdiction in this case that properly pleads federal claims will undermine that purpose. For those reasons, Your Honor, federal jurisdiction is constitutionally authorized, statutory conferred, and properly invoked. District court refused to exercise subject matter jurisdiction, was incorrect, the judgment was erroneous, and this court shall overturn and remand the decision. Thank you, Your Honor, for listening to my position. Thank you very much. Thank you, sir. Very helpful. We're going to reserve the decision, and all that that means really is that we're not going to decide right now on the bench. We're going to talk about it, and then you'll have a written decision with an explanation for our decision, whatever it is. Thank you very much. Thank you, Connie. Thank you very much.